1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

| | |
|---|---|
| MARGARET STUDLEY,<br><br>                Plaintiff,<br><br>   v.<br><br>THE BOEING COMPANY, a Delaware<br>corporation,<br><br>               Defendant. | No. _____<br><br>NOTICE OF REMOVAL |

10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

1  TO:   THE CLERK OF THE COURT FOR UNITED STATES DISTRICT COURT FOR

2         THE WESTERN DISTRICT OF WASHINGTON, PLAINTIFF MARGARET

3         STUDLEY, AND HER ATTORNEYS OF RECORD.

4         1.     Defendant The Boeing Company ("Boeing" or "Defendant") gives notice that it

5  is removing this case from the Superior Court of the State of Washington for Snohomish

6  County to the United States District Court for the Western District of Washington at Seattle,

7  pursuant to 28 U.S.C. § 1332, 28 U.S.C. § 1441(a), and 28 U.S.C. § 1446, on the grounds set

8  forth below.

9                          **I.     BACKGROUND FACTS**

10        2.     Plaintiff served (but did not file) the Summons and Complaint on Boeing on

11 June 24, 2015.  The Summons and Complaint used a caption for the Superior Court of the State

12 of Washington in and for the County of Snohomish.  True and correct copies of the Summons

13 and Complaint that were served on Boeing are separately attached hereto as **Exhibit A** pursuant

14 to LCR 101(b).  Removal of this action is therefore timely, in that Defendant has filed the

15 notice of removal within 30 days of receiving the Summons and Complaint.  *See* 28 U.S.C.

16 § 1446(b).

17        3.     As of the the date of the filing of this Notice of Removal, the Summons and

18 Complaint have not been filed in the Superior Court of the State of Washington in and for the

19 County of Snohomish and Exhibit A constitutes the complete record of all state court records

20 and proceedings.  Nonetheless, Boeing will file separately a Verification of State Court

21 Records and Proceedings pursuant to LCR 101(b).

22        4.     The Complaint alleges that Boeing wrongfully retaliated and discriminated

23 against Plaintiff on the basis of her disability, and failed to accommodate said disability, in

24 violation of the Washington Law Against Discrimination.

25                          **II.    GROUNDS FOR REMOVAL**

26        5.     This case is a civil action over which this Court has original jurisdiction under

27 28 U.S.C. § 1332(a) and is one that may be removed to this Court under 28 U.S.C. § 1441(a), in

NOTICE OF REMOVAL ([Type Case Number Here]) - 2
DWT 27264633v2 0022235-000054

1  that it is a civil action between citizens of different states and the matter in controversy exceeds

2  the sum or value of $75,000, exclusive of interest and costs.

3        6.    <u>Existence of Complete Diversity</u>.  The citizenship of the Plaintiff is diverse from

4  the citizenship of Defendant, satisfying the diversity requirements of 28 U.S.C. §§ 1332(a)(1)

5  and (c)(1).

6        7.    <u>Plaintiff's Citizenship</u>.  Plaintiff Margaret Studley is a resident of Curtis Bay,

7  Anne Arundel County, Maryland.

8        8.    <u>Defendant's Citizenship</u>.  Defendant is a Delaware Corporation and its principal

9  place of business and corporate headquarters is located in Chicago, Illinois.  A corporation's

10  principal place of business is where:

11          [T]he corporation's high level officers direct, control, and
12          coordinate the corporation's activities.  Lower federal courts have
         often metaphorically called that place the corporation's 'nerve
         center.' … the 'nerve center' will typically be found at the
13          corporation's headquarters." *The Hertz Corp. v. Friend*, 130 S.
         Ct. 1181, 1186 (2010) (internal citations omitted).

14
15  Boeing's officers and directors work and direct the operations of the company from the

  corporate headquarters.
16
17        9.    <u>Amount in Controversy</u>.  The allegations in this case sufficiently satisfy the

18  amount in controversy requirement and confirm that Studley seeks in excess of $75,000.  In

19  measuring the amount in controversy for purposes of diversity jursidiction, a court "must

20  assume that the allegations of the complaint are true and assume that a jury will return a verdict

21  for the plaintiff on all claims made in the complaint." *Campell v. Vitran Express, Inc.*, 471

22  Fed. Appx. 646, 648 (9th Cir. 2012); rev'd. on other grounds; quoting *Kenneth Rothschild*

23  *Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002).[1]  The Court

24  may look beyond pleadings and consider other summary judgment type evidence relevant to

25  the amount in controversy. *Kroske v. U.S. BankCorp.*, 432 F.3d 976, 980 (9th Cir. 2005);

26
27  ---
[1] Defendant denies that Plaintiff was owed any damages. "[T]he amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon Comm., Inc.*, 627 F.3d 395, 400 (9th Cir. 2010).

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

1    *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004).  The amount in controversy

2    includes actual damages, punitive damages, and attorney's fees authorized by contract or

3    statute.  *Kroske*, 432 F.3d at 980.  Here, Boeing has a good faith belief based on the allegations

4    in this case that Studley is seeking damages in excess of the jurisdictional amount of this court

5    nothwithstanding the fact that the prayer of the complaint does not specify the dollar damages

6    being sought.  LCR 101(a).

7         10.    Past Compensation.  Studley seeks damages for "[l]ost back pay, wages, and

8    benefits."  Complaint, ¶ 4.2.1.  At the time of her separation, Studley was a full-time employee

9    earning the equivalent of approximately $73,400 per year.  Boeing terminated Studley on or

10   about January 13, 2014.  Complaint, ¶ 2.12.  Studley's claim for the past 18-months of

11   compensation alone exceeds $75,000 as of the date of removal.

12        11.    Future compensation.  In addition to her claims for past compensation, Studley

13   claims damages for "[l]ost front pay, future wages, and benefits."  Complaint, ¶ 4.2.2.  Even if

14   Studley's alleged claims for past compensation did not satisfy the jurisdictional amount—they

15   do—future damages also may be considered in determining the amount in controversy.  *Crum*

16   *v. Circus Circus Enters.*, 231 F.3d 1129, 1131 (9th Cir. 2000) (reversing dismissal for lack of

17   subject matter jurisdiction based, in part, on estimated future medical expenses).

18        12.    Emotional distress.  Plaintiff also seeks to recover damages for "[e]motional

19   upset, stress, and anxiety."  Complaint, ¶ 4.2.3.  These damages may also be considered in

20   determining the amount in controversy.  *Kroske*, 432 F.3d at 980.

21        13.    Attorneys' Fees.  Finally, Plaintiff seeks to recover "out of pocket expenses,

22   litigation costs, and attorney fees."  Complaint, ¶ 4.2.4.  "[W]here an underlying statute

23   authorizes an award of attorneys' fees, either with mandatory or discretionary language, such

24   fees may be included in the amount in controversy."  *Galt G/S v. JSS Scandinavia*, 142 F.3d

25   1150, 1156 (9th Cir. 1998).  Should she prevail, Studley's attorneys' fees will contribute to her

26   damages and cause them to exceed the $75,000 amount in controversy.

27        14.    Boeing, the sole Defendant in this action, consents to removal.

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

15.     The right of removal applies to the entire lawsuit, including pendant state law claims.  28 U.S.C. § 1441(c).

16.     **Intradistrict Assignment**.  Removal is proper to the Western District of Washington and the intradistrict of Seattle because the claims arose in Sonohomish County; the wrongful acts alleged by Ms. Studley occurred in whole in Snohomish County (Complaint, ¶1.3) and the case was originally filed in Snohomish County.  LCR 3(d).

17.     Defendant will promptly file a copy of the Notice of Removal with the clerk of the Snohomish County Superior Court.  A copy of the Notice of Removal is also being served on Plaintiff's counsel.  28 U.S.C. § 1446(d).

WHEREFORE, Defendant gives notice that the court action against it in the Superior Court of the State of Washington for Snohomish County has been removed from that court to the United States District Court for the Western District of Washington.

DATED this 20th day of July, 2015.

Davis Wright Tremaine LLP
Attorneys for Defendant,
The Boeing Company

By s/ Paula L. Lehmann
Paula L. Lehmann, WSBA #20678
777 108th Avenue NE, Suite 2300
Bellevue, WA  98004-5149
Telephone: (425) 646-6100
Fax: (425) 646-6199
E-mail: paulalehmann@dwt.com

By s/ Taylor Ball
Taylor Ball, WSBA #46927
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
Telephone: (206) 757-8280
Fax: (206) 757-7700
E-mail: taylorball@dwt.com

## CERTIFICATE OF SERVICE

I hereby certify that on July 20, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Patrick B. Reddy
Amanda Masters
Emery Reddy, PLLC
600 Stewart St., Ste. 1100
Seattle, WA 98101
Telephone: (206) 442-9106
Facsimile: (206) 441-9711
Email: reddyp@emeryreddy.com
Email: amanda@emeryreddy.com

                              s/ Donna Alexander
                              Donna Alexander
                              1201 Third Avenue, Suite 2200
                              Seattle, WA  98101-3045
                              Telephone: (206) 757-8280
                              Fax: (206) 757-7700
                              E-mail: donnaalexander@dwt.com

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

EXHIBIT A

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF SNOHOMISH

MARGARET STUDLEY,

                        Plaintiff,

     v.

THE BOEING COMPANY, a Delaware
corporation,

                    Defendant.

No.

SUMMONS (20 DAYS)

---

**TO: THE BOEING COMPANY:**

A lawsuit has been started against you in the above entitled court by the above-captioned plaintiffs. Plaintiff's claims are stated in the written complaint, a copy of which is served upon you with this summons.

In order to defend against this lawsuit, you must respond by stating your defense in writing, and serve a copy upon the person signing this summons within 20 days after the service of this summons, excluding the day of service, or a default judgment may be entered against you without notice. A default judgment is one where the plaintiff is entitled to what he asks for because you have not responded. If you serve a notice of appearance on the undersigned person, you are entitled to notice before a default judgment may be entered.

SUMMONS (20 DAYS) - 1

EMERY | REDDY, PLLC
600 Stewart Street, Suite 1100
Seattle, WA 98101
PHONE: (206) 442-9106 • FAX: (206) 441-9711

1    You may demand that the Plaintiff file this lawsuit with the court. If you do so, the
2    demand must be in writing and must be served upon the person signing this summons.  Within
3    14 days after you serve the demand, the plaintiff must file this lawsuit with the court, or the
4    service on you of this summons and complaint will be void.
5         If you wish to seek the advice of an attorney in this matter, you should do so promptly so
6    that your written response, if any, may be served on time.
7         This summons is issued pursuant to Rule 4 of the Superior Court Civil Rules of The State
8    of Washington.

9

10   DATED this *19th* day of _____ June _____, 20 *15*

11                              Submitted By:

12                              EMERY | REDDY, PLLC

13

14

15                              PATRICK B. REDDY
                                WSBA No. 34092
16                              AMANDA V. MASTERS
                                WSBA No.  46342
17                              Emery Reddy, PLLC
                                600 Stewart St., Ste 1100
18                              Seattle, WA 98101
                                Telephone: (206) 442-9106
19                              Fax: (206) 441-9711
                                Email: reddyp@emeryreddy.com
20                              amanda@emeryreddy.com
21                              Attorneys for Plaintiff Margaret Studley

22

23

24

25

26

SUMMONS (20 DAYS) - 2

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF SNOHOMISH

| | |
|---|---|
| MARGARET STUDLEY,<br><br>                              Plaintiff,<br><br>    v.<br><br>THE BOEING COMPANY, a Delaware corporation,<br><br>                              Defendant. | No.<br><br>COMPLAINT FOR DAMAGES FOR WRONGFUL TERMINATION |

Plaintiff Margaret Studley alleges:

## I.  JURISDICTION AND VENUE

1.1    Plaintiff Margaret Studley ("Ms. Studley" or "Plaintiff") is a resident of Curtis Bay, Anne Arundel County, Maryland.

1.2    The Boeing Company (hereinafter "Boeing" or "Defendant") is a Delaware corporation, with more than 1,000 employees doing business in Snohomish County, Washington.

1.3    The wrongful acts alleged by Ms. Studley occurred in whole in Everett, Snohomish County, Washington.

1.4    The Court has jurisdiction over this action pursuant to RCW 49.60.030.

1.5    Venue is proper in this Court because the acts alleged herein took place in Snohomish County, Washington, and Defendant transacts business in Snohomish County, Washington.

EMERY | REDDY, PLLC
600 Stewart Street, Suite 1100
Seattle, WA 98101
PHONE: (206) 442-9106 • FAX: (206) 441-9711

## II.  STATEMENT OF FACTS APPLICABLE
### TO ALL CLAIMS AND CAUSES OF ACTION

2.1     Ms. Studley incorporates by reference and re-alleges paragraphs 1.1 – 1.5 as if fully set forth herein.

2.2     Ms. Studley is a female living in Curtis Bay, Anne Arundel County, Maryland.

2.3     On or about May 7, 2007, Boeing hired Ms. Studley as a union assembler.

2.4     On or about January 11, 2012, Ms. Studley sustained a workplace injury.

2.5     Ms. Studley filed a claim for workers' compensation benefits.

2.6     Boeing had notice of the workplace injury and workers' compensation claim, through its third party administrator for workers' compensation claims, Sedgwick CMS ("Sedgwick").

2.7     Ms. Studley periodically requested days off from work, in order to receive treatment for her workplace injury.

2.8     Boeing told Ms. Studley that she needed to contact its third-party administrator for disability related absences, Aetna "Total Access" when she took time off for medical absences.

2.9     On or about August 16, 2013, Ms. Studley was required by Boeing's third-party workers' compensation administrator, Sedgwick, to attend an independent medical evaluation.

2.10    Prior to the appointment, Ms. Studley notified her immediate manager and notified Aetna "Total Access."

2.11    On or about October 3, 2013 to on or about January 13, 2014, Ms. Studley was on a medical leave of absence because of her workplace injury.

2.12    On or about January 13, 2014, Boeing terminated Ms. Studley's employment.

2.13    Boeing's given reason for the termination was that Ms. Studley had not maintained acceptable attendance.

COMPLAINT FOR DAMAGES FOR WRONGFUL
TERMINATION - 2

EMERY | REDDY, PLLC
600 Stewart Street, Suite 1100
Seattle, WA 98101
PHONE: (206) 442-9106 • FAX: (206) 441-9711

2.14    In the termination meeting, Boeing referenced the August 16, 2013 date that Ms. Studley attended an independent medical examination that was set up through its third-party administrator, Sedgwick.

2.15    Ms. Studley is a part of a protected class because of her disability.

2.16    On information and belief, Boeing placed a non-disabled person in Ms. Studley's position, as her replacement.

### III. SPECIFIC STATEMENT OF CLAIMS AND CAUSES OF ACTION

3.1    Ms. Studley incorporates by reference and re-alleges paragraphs 1.1 – 2.16 as if fully set forth herein.

### A. CLAIM FOR FAILURE TO ACCOMMODATE UNDER THE WASHINGTON LAW AGAINST DISCRIMINATION ("WLAD")

3.2    Ms. Studley had a sensory, mental or physical abnormality that substantially limited his ability to perform her job with Boeing.

3.3    Ms. Studley was qualified to perform the essential functions of the job or substantially equal work with or without an accommodation.

3.4    Ms. Studley gave Boeing notice of the abnormality and its accompanying substantial limitations.

3.5    Upon notice, Boeing failed to affirmatively adopt measures that were available to Boeing and medically necessary to accommodate Ms. Studley.

3.6    Boeing had a duty to engage in an interactive process of accommodating Ms. Studley's physical and mental limitations.

3.7    Boeing failed to accommodate Ms. Studley's physical and mental limitations and Boeing failed to engage in the interactive process in violation of the Washington Law Against Discrimination, when it terminated her for taking time off for medical appointments for a known disability.

3.8    Boeing terminated Ms. Studley's employment without accommodating her and without any attempts to engage in the interactive process.

COMPLAINT FOR DAMAGES FOR WRONGFUL
TERMINATION - 3

**B.  CLAIM FOR RETALIATION UNDER THE WLAD**

3.9      Boeing retaliated against Ms. Studley for having a disability.

3.10     Ms. Studley was engaged in the protected activity of requesting a workplace accommodation for her disability.

3.11     Boeing took an adverse employment action when it terminated her having a disability and for taking leave for her known disability.

3.12     Ms. Studley's request for accommodation prompted Boeing's actions, which were its failure to accommodate Ms. Studley and its subsequent termination of him through its overt refusal to provide him with a position that would allow him to return to work after May 2012.

**C.  CLAIM FOR DISCRIMINATION UNDER THE WLAD (DISPARATE TREATMENT)**

3.13     Ms. Studley is a member of a protected class because she has a disability.

3.14     Ms. Studley is qualified for the job or performing substantially equal work.

3.15     Boeing an adverse employment action toward Ms. Studley when it terminated her for having a disability.

3.16     Ms. Studley was doing satisfactory work at the time of termination.

3.17     Ms. Studley was replaced by a person without a disability.

3.18     Boeing terminated Ms. Studley's employment because of Ms. Studley's physical limitations in violation of the Washington Law Against Discrimination, RCW 49.60.180.

**IV. DAMAGES**

4.1      Ms. Studley incorporates by reference and re-alleges paragraphs 1.1 – 3.18 as if fully set forth herein.

4.2      Boeing's unlawful conduct with regard to its employment of Ms. Studley has caused Ms. Studley the following damages:

4.2.1   Lost back pay, wages, and benefits in amounts to be established at trial.

EMERY | REDDY, PLLC
600 Stewart Street, Suite 1100
Seattle, WA 98101
PHONE: (206) 442-9106 • FAX: (206) 441-9711

4.2.2   Lost front pay, future wages, and benefits in amounts to be established at trial.

4.2.3   Emotional upset, stress, and anxiety in an amount to be established at trial.

4.2.4   Out of pocket expenses, litigation costs, and attorney fees in amounts to be established at trial.

## V.  REQUEST FOR RELIEF

Plaintiff Margaret Studley requests that the court enter judgment against defendant Boeing as follows:

1.   Awarding Ms. Studley special damages for lost wages, benefits and out of pocket expenses in amounts to be established at trial.

2.   Awarding Ms. Studley general damages for emotional distress in an amount to be established at trial.

3.   Awarding Ms. Studley reinstatement to her former position with Boeing or in lieu of reinstatement, awarding Ms. Studley future wage loss in an amount to be established at trial.

4.   Awarding Ms. Studley actual and reasonable attorney fees, litigation expenses, and costs incurred in this action under RCW 49.46.090, RCW 49.48.00, RCW 49.60.030 and/or RCW 49.48.010 to 030.

5.   Awarding Ms. Studley any additional or further relief which the court finds equitable, appropriate or just.

COMPLAINT FOR DAMAGES FOR WRONGFUL
TERMINATION - 5

EMERY | REDDY, PLLC
600 Stewart Street, Suite 1100
Seattle, WA 98101
PHONE: (206) 442-9106 • FAX: (206) 441-9711

1     DATED this _19th_ day of _June_____, 20_15_.

2                            EMERY | REDDY, PLLC

3

4

5                     By:                                                                                      PATRICK B. REDDY

6                             WSBA No.34092

                            AMANDA V. MASTERS

7                             WSBA No. 46342

                            Emery Reddy, PLLC

8                             600 Stewart St., Ste 1100

                            Seattle, WA 98101

9                             Telephone: (206) 442-9106

                            Fax: (206) 441-9711

10                            Email: reddyp@emeryreddy.com

                            amanda@emeryreddy.com

11                            Attorneys for Plaintiff

                            Margaret Studley

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

COMPLAINT FOR DAMAGES FOR WRONGFUL
TERMINATION - 6