The Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARGARET STUDLEY,<br><br>                    Plaintiff,<br><br>     v.<br><br>THE BOEING COMPANY, a Delaware corporation,<br><br>                    Defendant. | No. 2:15-cv-01150<br><br>DEFENDANT THE BOEING COMPANY'S ANSWER TO COMPLAINT |

DEFENDANT BOEING'S ANSWER - 1
DWT 27429335v1 0022235-000054

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

Defendant The Boeing Company ("Defendant" or "Boeing"), for itself and no other party, hereby responds to the Complaint for Wrongful Termination of plaintiff Margaret Studley ("Plaintiff").

## I. JURISDICTION AND VENUE

1.1 Plaintiff Margaret Studley ("Ms. Studley" or "Plaintiff") is a resident of Curtis Bay, Anne Arundel County, Maryland.

**1.1    ANSWER: Boeing is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 1.1, and on that basis denies the allegations of that paragraph.**

1.2 The Boeing Company (hereinafter "Boeing" or "Defendant") is a Delaware corporation, with more than 1,000 employees doing business in Snohomish County, Washington.

**1.2    ANSWER: Admit.**

1.3 The wrongful acts alleged by Ms. Studley occurred in whole in Everett, Snohomish County, Washington.

**1.3    ANSWER: Boeing admits that Ms. Studley worked at its Everett facility. Except as expressly admitted herein, Boeing denies the remaining allegations in paragraph 1.3.**

1.4 The Court has jurisdiction over this action pursuant to RCW 49.60.030.

**1.4    ANSWER: Paragraph 1.4 states a legal conclusion to which no response is required. To the extent a response is required, Boeing denies the allegation.**

1.5 Venue is proper in this Court because the acts alleged herein took place in Snohomish County, Washington, and Defendant transacts business in Snohomish County, Washington.

**1.5    ANSWER: Paragraph 1.5 states a legal conclusion to which no response is required. To the extent a response is required, Boeing denies the allegation.**

DEFENDANT BOEING'S ANSWER - 2
DWT 27429335v1 0022235-000054

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

## II. STATEMENT OF FACTS APPLICABLE TO ALL CLAIMS AND CAUSES OF ACTION

2.1  Ms. Studley incorporates by reference and re-alleges paragraphs 1.1 - 1.5 as if fully set forth herein.

**2.1  ANSWER: Boeing hereby incorporates its responses to all prior allegations as previously stated.**

2.2  Ms. Studley is a female living in Curtis Bay, Anne Arundel County, Maryland.

**2.2  ANSWER: Boeing is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 2.2, and on that basis denies the allegations of that paragraph.**

2.3  On or about May 7, 2007, Boeing hired Ms. Studley as a union assembler.

**2.3  ANSWER: Admit.**

2.4  On or about January 11, 2012, Ms. Studley sustained a workplace injury.

**2.4  ANSWER: Admit.**

2.5  Ms. Studley filed a claim for workers' compensation benefits.

**2.5  ANSWER: Admit.**

2.6  Boeing had notice of the workplace injury and workers' compensation claim, through its third party administrator for workers' compensation claims, Sedgwick CMS ("Sedgwick").

**2.6  ANSWER: Admit.**

2.7  Ms. Studley periodically requested days off from work, in order to receive treatment for her workplace injury.

**2.7  ANSWER: Boeing admits that Ms. Studley periodically requested days off from work. Boeing is without knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 2.7, and on that basis denies the allegations of that paragraph. Except as expressly admitted herein, Boeing denies the remaining allegations in paragraph 2.7.**

DEFENDANT BOEING'S ANSWER - 3
DWT 27429335v1 0022235-000054

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

2.8    Boeing told Ms. Studley that she needed to contact its third-party administrator for disability related absences, Aetna "Total Access" when she took time off for medical absences.

**2.8    ANSWER: Boeing admits that it informed Ms. Studley that she needed to contact its third-party administrator, Aetna, her manager, and her Disability Management Representative when she took time off for medical absences.**

2.9    On or about August 16, 2013, Ms. Studley was required by Boeing's third-party workers' compensation administrator, Sedgwick, to attend an independent medical evaluation.

**2.9    ANSWER: Deny.**

2.10    Prior to the appointment, Ms. Studley notified her immediate manager and notified Aetna "Total Access."

**2.10    ANSWER: Deny.**

2.11    On or about October 3, 2013 to on or about January 13, 2014, Ms. Studley was on a medical leave of absence because of her workplace injury.

**2.11    ANSWER: Boeing admits that Ms. Studley was on a medical leave of absence between October 3, 2013 to January 13, 2014.**

2.12    On or about January 13, 2014, Boeing terminated Ms. Studley's employment.

**2.12    ANSWER: Admit.**

2.13    Boeing's given reason for the termination was that Ms. Studley had not maintained acceptable attendance.

**2.13    ANSWER: Deny.**

2.14    In the termination meeting, Boeing referenced the August 16, 2013 date that Ms. Studley attended an independent medical examination that was set up through its third-party administrator, Sedgwick.

**2.14    ANSWER: Deny.**

2.15    Ms. Studley is a part of a protected class because of her disability.

DEFENDANT BOEING'S ANSWER - 4
DWT 27429335v1 0022235-000054

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

**2.15   ANSWER: Paragraph 2.15 states a legal conclusion to which no response is necessary. To the extent a response is required, Boeing denies the allegations in paragraph 2.15.**

2.16   On information and belief, Boeing placed a non-disabled person in Ms. Studley's position, as her replacement.

**2.16   ANSWER: Deny.**

III.   SPECIFIC STATEMENT OF CLAIMS AND CAUSES OF ACTION

3.1   Ms. Studley incorporates by reference and re-alleges paragraphs 1.1 - 2.16 as if fully set forth herein.

**3.1   ANSWER: Boeing hereby incorporates its responses to all prior allegations as previously stated.**

A.   CLAIM FOR FAILURE TO ACCOMMODATE UNDER THE WASHINGTON LAW AGAINST DISCRIMINATION ("WLAD")

3.2   Ms. Studley had a sensory, mental or physical abnormality that substantially limited his ability to perform her job with Boeing.

**3.2   ANSWER: Boeing is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 3.2, and on that basis denies the allegations of that paragraph.**

3.3   Ms. Studley was qualified to perform the essential functions of the job or substantially-equal work with or without an accommodation.

**3.3   ANSWER: Deny.**

3.4   Ms. Studley gave Boeing notice of the abnormality and its accompanying substantial limitations.

**3.4   ANSWER: Deny.**

3.5   Upon notice, Boeing failed to affirmatively adopt measures that were available to Boeing and medically necessary to accommodate Ms. Studley.

**3.5   ANSWER: Deny.**

DEFENDANT BOEING'S ANSWER - 5
DWT 27429335v1 0022235-000054

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

3.6     Boeing had a duty to engage in an interactive process of accommodating Ms. Studley's physical and mental limitations.

**3.6     ANSWER: Paragraph 3.6 states a legal conclusion to which no response is necessary. To the extent a response is required, Boeing denies the allegations in paragraph 3.6.**

3.7     Boeing failed to accommodate Ms. Studley's physical and mental limitations and Boeing failed to engage in the interactive process in violation of the Washington Law Against Discrimination, when it terminated her for taking time off for medical appointments for a known disability.

**3.7     ANSWER: Deny.**

3.8     Boeing terminated Ms. Studley's employment without accommodating her and without any attempts to engage in the interactive process.

**3.8     ANSWER: Deny.**

**B.     CLAIM FOR RETALIATION UNDER THE WLAD**

3.9     Boeing retaliated against Ms. Studley for having a disability.

**3.9     ANSWER: Deny.**

3.10    Ms. Studley was engaged in the protected activity of requesting a workplace accommodation for her disability.

**3.10    ANSWER: Deny.**

3.11    Boeing took an adverse employment action when it terminated her having a disability and for taking leave for her known disability.

**3.11    ANSWER: Deny.**

3.12    Ms. Studley's request for accommodation prompted Boeing's actions, which were its failure to accommodate Ms. Studley and its subsequent termination of him through its overt refusal to provide him with a position that would allow him to return to work after May 2012.

**3.12    ANSWER: Deny.**

DEFENDANT BOEING'S ANSWER - 6
DWT 27429335v1 0022235-000054

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

C. CLAIM FOR DISCRIMINATION UNDER THE WLAD (DISPARATE TREATMENT)

3.13  Ms. Studley is a member of a protected class because she has a disability.

**3.13  ANSWER: Boeing is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 3.13, and on that basis denies the allegations of that paragraph.**

3.14  Ms. Studley is qualified for the job or performing substantially equal work.

**3.14  ANSWER: Deny.**

3.15  Boeing an adverse employment action toward Ms. Studley when it terminated her for having a disability.

**3.15  ANSWER: Deny.**

3.16  Ms. Studley was doing satisfactory work at the time of termination.

**3.16  ANSWER: Deny.**

3.17  Ms. Studley was replaced by a person without a disability.

**3.17  ANSWER: Deny.**

3.18  Boeing terminated Ms. Studley's employment because of Ms. Studley's physical limitations in violation of the Washington Law Against Discrimination, RCW 49.60.180.

**3.18  ANSWER: Deny.**

## IV.  DAMAGES

4.1  Ms. Studley incorporates by reference and re-alleges paragraphs 1.1 - 3.18 as if fully set forth herein.

**4.1  ANSWER: Boeing hereby incorporates its responses to all prior allegations as previously stated.**

4.2  Boeing's unlawful conduct with regard to its employment of Ms. Studley has caused Ms. Studley the following damages:

4.2.1  Lost back pay, wages; and benefits in amounts to be established at trial.

**4.2.1  ANSWER: Deny.**

DEFENDANT BOEING'S ANSWER - 7
DWT 27429335v1 0022235-000054

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

4.2.2   Lost front pay, future wages; and benefits in amounts to be established at trial.

**4.2.2   ANSWER:  Deny.**

4.2.3   Emotional upset, stress, and anxiety in an amount to be established at trial.

**4.2.3   ANSWER:  Deny.**

4.2.4   Out of pocket expenses, litigation costs, and attorney fees in amounts to be established at trial.

**4.2.4   ANSWER:  Deny.**

## V.   REQUEST FOR RELIEF

**Boeing denies that any relief sought by Studley as described in Plaintiff's Prayer for Relief is appropriate.**

## VI.   AFFIRMATIVE AND OTHER DEFENSES

Below are Defendant's affirmative and other defenses. By setting forth these affirmative and other defenses, Defendant does not assume any burden of proof as to any fact issue or other element of any cause of action that properly belongs to Plaintiff. Defendant reserves the right to amend or supplement its affirmative defenses.

1.   **Failure to State a Claim**.  The Complaint and some or all of its purported causes of action fail to state a claim upon which relief can be granted and fail to state facts sufficient to entitle Plaintiff to an award of exemplary or punitive damages.

2.   **Failure to Mitigate Damages**.  Plaintiff failed to take reasonable steps to minimize or prevent the damages plaintiff claims to have suffered.

3.   **Contributory Negligence**.  Plaintiff was at fault in how she conducted her affairs relative to the incidents described in her complaint.  Such fault caused or contributed to the damages complained of in this case and Plaintiff's recovery, if any, should be reduced in proportion to Plaintiff's fault.

DEFENDANT BOEING'S ANSWER - 8
DWT 27429335v1 0022235-000054

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

4.  **Not Qualified**.  Plaintiff is not qualified to perform the essential functions of her job with or without a reasonable accommodation.

5.  **Undue Hardship**.  Although Plaintiff never requested an accommodation, had she done so, any request made by Plaintiff to accommodate her alleged disability would have been unreasonable or would have created an undue hardship for Boeing based on the allegations made herein.

6.  **Failure to Exhaust Remedies**.  The Complaint, and each and every cause of action therein, is barred because Plaintiff was, at all times, an employee, the terms and conditions of whose employment was covered by a collective bargaining agreement. Accordingly, Plaintiff's exclusive remedy for some or all of the wrongs alleged in the Complaint are contained in the collective bargaining agreement, which Plaintiff has failed to exhaust.

7.  **Waiver and Estoppel**.  Plaintiff is estopped from pursuing, or has waived, her claims based on her behavior relative to the incidents described in her complaint.

8.  **Unclean Hands**.  Plaintiff's claims are barred and her damages are limited by her own bad faith or inequitable conduct relative to the incidents described in her complaint.

9.  **Fault of Third Parties**.  People or entities other than Boeing caused or contributed to the damages Plaintiff claims to have suffered.  Any award made in favor of Plaintiff and against Boeing must be reduced by an amount equal to the percentage of the fault of others or divided between the defendants so that each pays only his, her, or its fair share in relationship to his, her, or its amount of fault.

10. **Legitimate, Nondiscriminatory Business Reason**.  Boeing's actions or omissions were based on legitimate, nondiscriminatory business reasons unrelated to Plaintiff's disability.

11. **Good Faith/Business Judgment**.  Boeing's actions or omissions are privileged because they were made in good faith and in the exercise of its reasonable business judgment, for good cause, and for legitimate business purposes of necessity.

DEFENDANT BOEING'S ANSWER - 9
DWT 27429335v1 0022235-000054

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

Boeing reserves the right to amend its Answer to state additional affirmative and other defenses, and to add such counterclaims as may become necessary after reasonable opportunity for discovery.

### VII.   DEFENDANT'S PRAYER FOR RELIEF

WHEREFORE, having fully answered Plaintiff's Complaint, and having asserted its defenses against Plaintiff, Defendant Boeing prays for the following relief:

1. That Plaintiff takes nothing by way of the Complaint;

2. That Plaintiff's Complaint in this action be dismissed in its entirety with prejudice and without costs or fees to Plaintiff of any kind;

3. That Boeing be awarded its reasonable expenses incurred in defending this action, including its costs and reasonable attorneys' fees; and

4. That Boeing be granted such other and further relief as the Court may deem just and equitable.

DATED this 23rd day of July, 2015.

    Davis Wright Tremaine LLP
    Attorneys for Defendant,
    The Boeing Company

    By *s/ Paula L. Lehmann*
    Paula L. Lehmann, WSBA #20678
    777 108th Avenue NE, Suite 2300
    Bellevue, WA  98004-5149
    Telephone: (425) 646-6100
    Fax: (425) 646-6199
    E-mail: paulalehmann@dwt.com

    By *s/ Taylor Ball*
    Taylor Ball, WSBA #46927
    1201 Third Avenue, Suite 2200
    Seattle, WA  98101-3045
    Telephone: (206) 757-8280
    Fax: (206) 757-7700
    E-mail: taylorball@dwt.com

DEFENDANT BOEING'S ANSWER - 10
DWT 27429335v1 0022235-000054

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

**CERTIFICATE OF SERVICE**

I hereby certify that on July 23, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Patrick B. Reddy
Amanda Masters
Emery Reddy, PLLC
600 Stewart St., Ste. 1100
Seattle, WA 98101
Telephone: (206) 442-9106
Facsimile: (206) 441-9711
Email: reddyp@emeryreddy.com
Email: amanda@emeryreddy.com

*s/ Donna Alexander*
Donna Alexander
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
Telephone: (206) 757-8280
Fax: (206) 757-7700
E-mail: donnaalexander@dwt.com

DEFENDANT BOEING'S ANSWER - 11
DWT 27429335v1 0022235-000054

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax