The Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MARGARET STUDLEY,

                Plaintiff,

    v.

THE BOEING COMPANY, a Delaware
corporation,

                Defendant.

No. 2:15-cv-01150 RSL

DEFENDANT THE BOEING
COMPANY'S MOTION FOR
SUMMARY JUDGMENT OR, IN THE
ALTERNATIVE, PARTIAL SUMMARY
ADJUDICATION

NOTED FOR CONSIDERATION:

**July 8, 2016**

**Oral Argument Requested**

DEFENDANT'S MOTION FOR SUMMARY JUDGMENT OR, IN THE
ALTERNATIVE, PARTIAL SUMMARY ADJUDICATION
(Case No. 2:15-cv-01150 RSL)
DWT 29681314v2 0022235-000054

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

# TABLE OF CONTENTS

Page

I.    INTRODUCTION .......................................................................................... 1

II.   STATEMENT OF FACTS ............................................................................ 1

      A.   Ms. Studley Begins Her Employment With Boeing ............................ 1

      B.   Ms. Studley Suffers A Back Injury At Work And Is Restricted In Her Ability To Perform Her Job For Four Months ...................................................... 2

      C.   In A Period Of Less Than One Year, Ms. Studley Engages In Several Instances Of Misconduct And, As A Result, Receives Multiple Corrective Action Memos 2

      D.   Ms. Studley's Receives A Corrective Action Memorandum For Time Card Abuse ...................................................................................................... 3

      E.   Ms. Studley Receives A Second Corrective Action Memorandum For Being Out of Work Area ......................................................................................... 4

      F.   Ms. Studley Receives A Third Corrective Action Memorandum for Failing to Follow Fall Protection Safety Guidelines .......................................... 5

      G.   Ms. Studley Receives A MACA ......................................................... 6

      H.   Ms. Studley Does Not Follow Boeing Policy for Reporting An Absence .......... 6

      I.    Boeing Terminates Studley .................................................................. 7

III.  ARGUMENT ................................................................................................ 7

      A.   Boeing Is Entitled To Summary Judgment ........................................ 7

      B.   Ms. Studley's Claim For Disability Discrimination Fails Because She Cannot Demonstrate That Boeing Terminated, Or Otherwise Disciplined, Her Because Of Her Alleged Disability .................................................................. 8

      C.   Boeing Terminated Ms. Studley For A Legitimate, Non-Discriminatory Reason And There Is No Evidence That Reason Is A Pretext For Discrimination ........ 10

      D.   Ms. Studley's Failure To Accommodate Claim Fails Because She Was Released To Return To Work With No Restrictions .......................................... 14

      E.   Ms. Studley's Retaliation Claim Fails Because She Cannot Prove That She Was Terminated Because She Requested A Reasonable Accommodation ................ 15

IV.   CONCLUSION ........................................................................................... 17

DEFENDANT'S MOTION FOR SUMMARY JUDGMENT OR, IN THE
ALTERNATIVE, PARTIAL SUMMARY ADJUDICATION
(Case No. 2:15-cv-01150 RSL) – i
DWT 29681314v2 0022235-000054

                                    Davis Wright Tremaine LLP
                                            LAW OFFICES
                                      1201 Third Avenue, Suite 2200
                                         Seattle, WA  98101-3045
                                  206.622.3150 main · 206.757.7700 fax

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Adusumilli v. City of Chicago*,
  164 F.3d 353 (7th Cir. 1998).........................................................................................10

*Allen v. Pac. Bell*,
  348 F.3d 1113 (9th Cir. 2003).......................................................................................14

*Anderson v. Liberty Lobby, Inc.*,
  477 U.S. 242 (1986)........................................................................................................8

*Bacon v. T-Mobile USA, Inc.*,
  2010 U.S. Dist. LEXIS 86250 (W.D. Wash. Aug. 23, 2010)..............................................11

*Brown v. Potter*,
  457 F. App'x 668 (9th Cir. Nov. 3, 2011).......................................................................16

*Celotex Corp. v. Catrett*,
  477 U.S. 317 (1986)........................................................................................................8

*Clark Cty. Sch. Dist. v. Breeden*,
  532 U.S. 268 (2001) ...................................................................................................9, 16

*Conner v. Schnuck Mkts., Inc.*,
  121 F.3d 1390 (10th Cir. 1997) ....................................................................................16

*Coszalter v. City of Salem*,
  320 F.3d 968 (9th Cir. 2003) ........................................................................................16

*Dahlstrom v. Dep't of Corr.*,
  1995 U.S. Dist. LEXIS 13806, 1995 WL 562050 (N.D. Ill. Sept. 20, 1995).......................13

*EEOC v. C.R. Eng., Inc.*,
  644 F.3d 1028 (10th Cir. 2011) ..........................................................................10, 11, 13

*Ferguson v. Wal-Mart Stores, Inc.*,
  114 F. Supp. 2d 1057 (E.D. Wash. 2000)........................................................................15

*Filipovic v. K & R Express Sys., Inc.*,
  176 F.3d 390 (7th Cir. 1999)......................................................................................9, 16

*Green v. Seattle Art Museum*,
  2008 U.S. Dist. LEXIS 41189, 2008 WL 2180144 (W.D. Wash. May 22,
  2008)..............................................................................................................................11

DEFENDANT'S MOTION FOR SUMMARY JUDGMENT OR, IN THE
ALTERNATIVE, PARTIAL SUMMARY ADJUDICATION
(Case No. 2:15-cv-01150 RSL) – ii
DWT 29681314v2 0022235-000054

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

*Hague v. Thompson Distrib. Co.*,
   436 F.3d 816 (7th Cir. 2006) ........................................................11

*Hernandez v. Arizona*,
   702 F. Supp.2d 1119 (D. Ariz. 2010) ..........................................13

*Hooper v. Proctor Health Care, Inc.*,
   804 F.3d 846 (2015) ..............................................................14, 15

*Kirst v. Grays Harbor Cmty. Hosp.*,
   2015 U.S. Dist. LEXIS 9355 (W.D. Wash. Jan. 27, 2015) ........11, 15

*Lee v. Potter*,
   358 Fed. Appx. 966 (9th Cir. 2009) ...............................................9

*Manatt v. Bank of Am.*,
   339 F.3d 792 (9th Cir. 2003) .........................................................9

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*,
   475 U.S. 574 (1986) ......................................................................8

*McDermott v. Blank*,
   2014 U.S. Dist. LEXIS 1088 (W.D. Wash. Jan. 2, 2014) .............12

*McDonnell Douglas Corp. v. Green*,
   411 U.S. 792 (1973) ....................................................................10

*Metzler v. Federal Home Loan Bank of Topeka*,
   464 F.3d 1164 (9th Cir. 2006) .....................................................11

*Mineweaser v. City of N. Tonawanda*,
   2016 U.S. Dist. LEXIS 37262 (W.D.N.Y. Mar. 21, 2016) ...........15

*Neumeyer v. Wawanesa Gen. Ins. Co.*,
   2015 U.S. Dist. LEXIS 59024 (S.D. Cal. Apr. 24, 2015) .............13

*Salazar v. Locke*,
   2012 U.S. Dist. LEXIS 32841 (E.D. Cal. Mar. 12, 2012) ...............9

*Swan v. Bank of Am.*,
   360 Fed. Appx. 903 (9th Cir. 2009) ...............................................9

*T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*,
   809 F.2d 626 (9th Cir. 1987) .........................................................8

*Villiarimo v. Aloha Island Air, Inc.*,
   281 F.3d 1054 (9th Cir. 2002) ...........................................9, 11, 16

DEFENDANT'S MOTION FOR SUMMARY JUDGMENT OR, IN THE
ALTERNATIVE, PARTIAL SUMMARY ADJUDICATION
(Case No. 2:15-cv-01150 RSL) – iii
DWT 29681314v2 0022235-000054

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

*Vollmar v. Int'l Bus. Machs. Corp.*,
    No. C-11-0629 MMC, 2012 U.S. Dist. LEXIS 122254, 2012 WL 3731512
    (N.D. Cal. Aug. 28, 2012) ................................................................................16

*Wallis v. J.R. Simplot Co.*,
    26 F.3d 885 (9th Cir. 1994) ...........................................................................12

**Federal Statutes**

42 U.S.C. § 12111(8)............................................................................................14

42 U.S.C. § 12112(b)(5)(A) .................................................................................14

**Rules**

Fed. R. Civ. P. 56(c) .............................................................................................7

Fed. R. Civ. P. 56(e) .............................................................................................8

DEFENDANT'S MOTION FOR SUMMARY JUDGMENT OR, IN THE
ALTERNATIVE, PARTIAL SUMMARY ADJUDICATION
(Case No. 2:15-cv-01150 RSL) – iv
DWT 29681314v2 0022235-000054

Davis Wright Tremaine LLP
Law Offices
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

# I.     INTRODUCTION

Plaintiff Margaret Studley was discharged from her union position as a Manufacturing Technician following her undisputed receipt of multiple disciplinary actions for a variety of company-rule infractions ranging from safety violations to time card abuse.  None of the disciplinary actions were grieved – indeed, it is undisputed that the union refused to take action on her behalf even though she served as a shop steward for five years.  Now Ms. Studley challenges the discharge decision based on alleged disability discrimination and retaliation stemming from a work-related injury that occurred two years before the discharge even though Boeing fully accommodated the work-related injury and Ms. Studley's physician issued a full release for return to work.  Boeing seeks summary judgment on all claims based on Ms. Studley's patent inability to establish a prima facie case or overcome the legitimate and undisputed nondiscriminatory reason for discharge.

# II.     STATEMENT OF FACTS

## A.     Ms. Studley Begins Her Employment With Boeing

In May 2007, Ms. Studley began working as an Assembler for Boeing at its location in Everett, Washington.  Studley Dep., 18:25-19:12[1].  Ms. Studley was represented by International Association of Machinists, Local 751 ("IAM") and served for five years as shop steward for the union.  Studley Dep., 19:13-16; 52:22-24.  Despite familiarity with Boeing's workplace rules through training and her union steward role, Ms. Studley received seven corrective actions because of her conduct.  Specifically, in November 2009, Ms. Studley received a written warning for failing to treat another employee with dignity, respect, and trust and for engaging in a conversation that included inappropriate language.  Studley Dep., 105:22-106:16; Pl. Dep. Ex. 4 (Cariño Decl. ¶ 3, Ex. B).  In March 2011, Ms. Studley received corrective action for failing to maintain acceptable attendance.  Studley Dep., 109:18-110:13,

---

[1] Excerpts of plaintiff's deposition transcript are attached as Exhibit A to the Declaration of Andrea R. Cariño (Cariño Decl.).  True and correct copies of plaintiff's deposition exhibits (Pl. Dep. Ex.) referenced herein are attached as Exhibits B through K to the Cariño Decl.

DEFENDANT'S MOTION FOR SUMMARY JUDGMENT OR, IN THE
ALTERNATIVE, PARTIAL SUMMARY ADJUDICATION
(Case No. 2:15-cv-01150 RSL) – 1
DWT 29681314v2 0022235-000054

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

1   Pl. Dep. Ex. 5 (Cariño Decl. ¶ 4, Ex. C).  As shown in more detail below, Ms. Studley

2   continued on this same trajectory and received five more corrective actions before her

3   employment was finally terminated in 2014 based on Boeing's progressive disciplinary policy.

4   Studley Dep., 200:18-201:13.

**B.    Ms. Studley Suffers A Back Injury At Work And Is Restricted In Her Ability To Perform Her Job For Four Months**

7       In January 2012, Ms. Studley suffered an on the job injury to her back.  Studley Dep.,

8   10:17-22; 19:17-20:6.  This injury restricted Ms. Studley's ability to reach and turn her neck

9   and caused her pain.  Studley Dep., 20:17-18.  Ms. Studley filed a claim for worker's

10  compensation benefits based on this injury.  Studley Dep., 20:19-22.  Ms. Studley requested

11  several days off from work to receive treatment for her injury, which Boeing granted.  Studley

12  Dep., 21:1-7.  On May 3, 2012, Ms. Studley's physician, Dr. McDonald, lifted all restrictions

13  associated with her back injury and released her to return to work with no medical restrictions.

14  Studley Dep., 193:3-195:24, Pl. Dep. Exs. 16 and 17 (Cariño Decl. ¶¶ 5-6, Exs. D and E)

**C.    In A Period Of Less Than One Year, Ms. Studley Engages In Several Instances Of Misconduct And, As A Result, Receives Multiple Corrective Action Memos**

17      Boeing has a progressive discipline policy called Procedure PRO-1909.  Declaration of

18  Heather Bartek ("Bartek Decl."), ¶ 4, Bartek Decl. Ex. 1 (PRO-1909).  Pursuant to PRO-1909,

19  Employee Corrective Action will be taken when an employee engages in a practice that is

20  inconsistent with the published Boeing Code of Conduct and Expected Behaviors of All Boeing

21  Employees, referenced in the Boeing Employee Corrective Action Process Requirements

22  ("ECAPR").  *Id.* at ¶ 5; Bartek Decl. Ex. 2 (ECAPR).  Employees who are found to have

23  engaged in misconduct receive a corrective action.  Bartek Decl. at ¶ 6.  Corrective action is

24  documented in a Corrective Action Memo, and the acronym CAM is frequently used to

25  simultaneously describe both the corrective action and its documentation.  *Id.*  The severity of

26  corrective action ranges from a verbal warning to discharge and depends on a number of

27

DEFENDANT'S MOTION FOR SUMMARY JUDGMENT OR, IN THE
ALTERNATIVE, PARTIAL SUMMARY ADJUDICATION
(Case No. 2:15-cv-01150 RSL) – 2
DWT 29681314v2 0022235-000054

factors, including, but not limited to, the severity of the misconduct, the employee's length of service with the company, the effect of the misconduct on Boeing's customers or business, and the employee's corrective action history. *Id.* Boeing's policy outlines several categories of unacceptable conduct. *Id.* at ¶ 7; Bartek Decl. Ex. 2 (ECAPR). An employee who has prior active CAMs in the same category will receive progressively severe corrective action for subsequent violations. *Id.* In addition, an employee who has two or more multiple active CAMs in different categories and is in the process of being issued a third CAM may receive a Multiple Active Corrective Action memo (alternatively referred to as a MACA memo or a "violation of code 30"). *Id* at ¶ 8; *see also* Bartek Dep., 29:12-30:2 (Cariño Decl. ¶ 14, Ex. M). Once a MACA is issued, any subsequent violation of company policy or management expectations (with the exception of attendance violations or performance issues) will result in discharge, even if the subsequent violation, standing alone, would have normally only resulted in a written warning or suspension. Bartek Decl., ¶ 8; Bartek Decl. Ex. 2 (ECAPR, § 4.3.2, ¶ 5). CAMs, including MACAs, generally remain active for a period of one year; once a MACA is issued, the relevant active corrective actions on file will have their active periods extended through the planned expiration date of the MACA. *Id.* at ¶ 9. Ms. Studley admits that she was aware of Boeing's progressive discipline policy.[2] Studley Dep., 52:9-21; 53:19-54:11.

Between June 26, 2013 and January 13, 2014, Ms. Studley received five CAMS, including a MACA. Bartek Decl., ¶ 10. None of the CAMs were grieved; Ms. Studley sought union support, but the union declined to advance a grievance on her behalf. Studley Dep., 54:12-55:20; 62:9-62:18; 65:10-22.

### D.   Ms. Studley's Receives A Corrective Action Memorandum For Time Card Abuse

On June 27, 2013, Boeing issued Ms. Studley a CAM for time card abuse. Studley Dep., 134:11-135:10, 136:2-18, Pl. Dep. Ex. 9 (Cariño Decl. ¶ 7, Ex. F); Fox Dep., 25:6-13,

---

[2] For approximately five years, Studley served as a union steward and handled CAMS for other employees. Studley Dep., 52:22-53:18.

DEFENDANT'S MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, PARTIAL SUMMARY ADJUDICATION
(Case No. 2:15-cv-01150 RSL) – 3
DWT 29681314v2 0022235-000054

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

1   25:21-24 (Cariño Decl. ¶ 13, Ex. L).  Specifically, Boeing believed that Ms. Studley had failed

2   to clock out of work at the end of the work day.  Studley Dep., 136:2-18.  Ms. Studley agrees

3   that her time was not accurately reported and that some shifts will show that it appears as if she

4   did not clock out.  Studley Dep., 139:2-11.  Ms. Studley contends, however, that these errors

5   were caused by faulty timekeeping equipment that was used to scan employees' badges.

6   Studley Dep., 138:4-21.  Boeing carefully investigated Ms. Studley's assertions before

7   concluding that the time gun was working properly during the shifts in question and

8   disciplinary action for time card abuse was warranted.  Studley Dep., 139:22-140:2; 140:3-10;

9   Fox Dep., 26:4-27:8 (Cariño Decl. ¶ 13, Ex. L).

10          Ms. Studley alleges that she believes the CAM was related to her alleged disability

11   because she received it after her workplace injury in January 2012, more than year prior to the

12   corrective action.  Studley Dep., 140:11-25.  Ms. Studley does not have any other basis on

13   which she believes the CAM is related to her alleged disability.  *Id.*

14          **E.      Ms. Studley Receives A Second Corrective Action Memorandum For Being
                      Out of Work Area**

15

16          On July 9, 2013, Boeing issued Ms. Studley a CAM for being out of her work area

17   without notifying management.  Studley Dep., 141:5-23, Pl. Dep. Ex. 10 (Cariño Decl. ¶ 8, Ex.

18   G).  Boeing investigated the incident, including interviewing nine different people, including

19   fellow union members, who confirmed that she was out of the work area.  Bartek Dep., 68:12-

20   16, 69:7-10 (Cariño Decl. ¶ 14, Ex. M); Studley Dep., 146:9-13; Fox Dep., 34:1-4 (Cariño

21   Decl. ¶ 13, Ex. L).  During the investigation, Ms. Studley was given an opportunity to make a

22   complete statement to rebut the allegations, but instead she merely provided  a one-line

23   statement denying the incident.  Studley Dep., 146:14-16.  Based on the weight of the evidence

24   collected, Boeing issued Ms. Studley a CAM.  Fox Dep., 35:19-24 (Cariño Decl. ¶ 13, Ex. L);

25   Bartek Decl., ¶ 11.

26

27

DEFENDANT'S MOTION FOR SUMMARY JUDGMENT OR, IN THE
ALTERNATIVE, PARTIAL SUMMARY ADJUDICATION
(Case No. 2:15-cv-01150 RSL) – 4
DWT 29681314v2 0022235-000054

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

Now, three years later, Ms. Studley alleges for the first time that the nine people who provided statements to Boeing were all lying in an effort to have her fired, although she admits that she does not know the specific reasons why they were lying.  Studley Dep., 146:17-154:7. To the extent that Ms. Studley believes the CAM was related to her alleged disability, she again relies solely on the timing of the CAM.  Studley Dep., 142:25-143:12.

**F.      Ms. Studley Receives A Third Corrective Action Memorandum for Failing to Follow Fall Protection Safety Guidelines**

On July 24, 2013, Boeing issued Ms. Studley a CAM for failing to follow safety guidelines regarding the use of aerostands.  Studley Dep., 162:3-21, 163:8-10. Pl. Dep. Ex. 12 (Cariño Decl. ¶ 9, Ex. H); Fox Dep., 36:22-37:17 (Cariño Decl. ¶ 13, Ex. L).  Ms. Studley and other flight line employees were standing on an aerostand watching the delivery of an airplane to an airline customer.  Studley Decl., 163:13-164:2.  Aerostands are used to work aircraft windshields; one side of the stand is open so that it may be placed against the side of an aircraft.  Fox Dep., 37:1-17 (Cariño Decl. ¶ 13, Ex. L).  When a stand is not pushed up against the side of an airplane, there is no fall protection on the open side of the stand and employees are not supposed to be on the stand.  *Id.*  The stand that Ms. Studley was on was not pushed up against an airplane.  Studley Dep., 163:25-164:2.  A safety focal requested that Ms. Studley and the other employees get down from the stand.  Studley Dep., 164:3-7.  Ms. Studley got off the stand and then immediately went halfway back up again.  Studley Dep., 166:11-22.  The safety focal then asked Ms. Studley for her badge information.  Studley Dep., 169:3-7.  Boeing investigated the incident, concluded that Ms. Studley had violated fall safety guideline, and issued her a CAM.  Studley Dep., 171:1-8.

Although Ms. Studley contends that she believes the safety guideline at issue is "ridiculous," she does not dispute that the safety focal who reported her violation was not aware of her alleged disability.  Studley Dep., 165:5-19; 167:1-16.  Ms. Studley admits that the

DEFENDANT'S MOTION FOR SUMMARY JUDGMENT OR, IN THE
ALTERNATIVE, PARTIAL SUMMARY ADJUDICATION
(Case No. 2:15-cv-01150 RSL) – 5
DWT 29681314v2 0022235-000054

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

1  safety focal worked in a different area of Boeing and she had never seen him before.  Studley

2  Dep., 165:20-25.

3  **G.     Ms. Studley Receives A MACA**

4          After Ms. Studley received her third CAM for failing to follow safety guidelines,

5  Boeing issued her a MACA CAM for having three active CAMs.  Studley Dep., 172:20-

6  173:17, Pl. Dep. Ex. 13 (Cariño Decl. ¶ 10, Ex. I).  Although Ms. Studley did not agree with the

7  MACA because she did not think her prior CAMs were "fair," she does not dispute that she had

8  been issued three CAMs in a two month period.  Studley Dep., 174:11-19.

9  **H.     Ms. Studley Does Not Follow Boeing Policy for Reporting An Absence**

10          On August 16, 2013, Ms. Studley was absent from work because of her occupational

11  injury.  Studley Dep., 48:5-9.[3]

12          When an employee requests time off of work that is related to an occupational injury,

13  Boeing requires that employees notify three individual contacts: the employee's individual

14  supervisor, Boeing's Total Access, and the Disability Management Representative ("DMR")

15  hotline.[4]  Bartek Dep., 53:13-20 (Cariño Decl. ¶ 14, Ex. M); Ormonde Dep., 27:14-28:13;

16  31:16-25 (Cariño Decl. ¶ 15, Ex. N); Zednick Dep., 36:12-17 (Cariño Decl. ¶ 16, Ex. O);

17  Anttila Dep., 23:5-18 (Cariño Decl. ¶ 17, Ex. P).  One of the responsibilities of a DMR is to

18  accurately track the number of days off of work that employees miss due an occupational

19  injury.  Ormonde Decl., ¶ 5; Studley 45:6-22.  The purpose of Boeing's reporting policy,

20  therefore, is to ensure that DMRs are able to accurately track such information.  Ormonde

21  Decl., ¶ 5.  Boeing provides annual training to all employees on its notification policy and gives

22  each employee, including Ms. Studley, a lanyard to wear daily that outlines these specific

23

24

25  [3] Ms. Studley was either absent to attend an Independent Medical Examination or because she had back pain—she
does not recall the specific reason for her absence.  Studley Dep., 189:25-190:12; 192:16-21.

26  [4] Calling Total Access does not excuse an employee from the requirement that they also call a DMR.  Bartek Dep.,
91:21-25; 98:5-10 (Cariño Decl. ¶ 14, Ex. M).

27  DEFENDANT'S MOTION FOR SUMMARY JUDGMENT OR, IN THE
ALTERNATIVE, PARTIAL SUMMARY ADJUDICATION
(Case No. 2:15-cv-01150 RSL) – 6
DWT 29681314v2 0022235-000054

1  instructions.  Ormonde Decl., ¶ 7; Bartek Dep., 89:11-24 (Cariño Decl. ¶ 14, Ex. M); Studley

2  Dep., 26:25-27:23; 28:11-15.

3        Ms. Studley acknowledges  that she did not call the DMR on August 16, 2013, although

4  she now contends – despite receiving training, being told by the DMR this was the process, and

5  receiving a lanyard with this policy –  that she was unaware of this requirement  Studley Dep.,

6  48:5-11; 21:21-22:24.[5]  Further, she does not dispute that if Boeing's policy was that she was

7  required to call the DMR every time she missed work due to an occupational injury, she

8  violated that policy.  192:22-25.

9      **I.**      **Boeing Terminates Studley**

10        On October 3, 2013, Ms. Studley requested and was granted a leave of absence until

11  January 13, 2014.  When Ms. Studley returned from her leave, Boeing asked her to meet with

12  Heather Bartek from human resources and Ron Stever, a manager.  Studley Dep., 198:18-199,

13  Pl. Dep. Ex. 18 (Cariño Decl. ¶ 11, Ex. J).  Ms. Studley knew going into the meeting that it was

14  likely Boeing was going to terminate her.  Studley Dep., 200:6-8.  Boeing presented her with a

15  CAM for failing to notify the DMR when she was absent on August 16, 2013.  Studley Dep.,

16  200:18-201:13; Bartek Decl., ¶ 11.  Because Ms. Studley already had an active MACA on file,

17  she was terminated.  Bartek Decl., ¶ 11; Fox Dep., 38:13-39:4 (Cariño Decl. ¶ 13, Ex. L); Pl.

18  Dep. Ex. 19 (Cariño Decl. ¶ 12, Ex. K).

19      **III.**     **ARGUMENT**

20      **A.**      **Boeing Is Entitled To Summary Judgment**

21        Summary judgment is proper if the pleadings, the discovery and disclosure materials on

22  file, and any affidavits show that there is no genuine issue as to any material fact and that the

23  movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).  The moving party is

24  _____

25  [5] Boeing's records show that Ms. Studley called the DMR on 25 other occasions, the majority of which were not related to an initial injury.  Ormonde Decl., ¶ 6.  Moreover, Ms. Studley does not dispute that Wendy Rousalis told

26  Ms. Studley in January 2012 that she needed to call the DMR hotline any time that she was going to be off work for an occupational injury.  Studley Dep., 209:21-210:15; Rousalis Decl., ¶¶ 4-5; Rousalis Decl. Ex. 1 (excerpts of Ms. Rousalis' contemporaneous notes of January 12, 2012 telephone conversation with Ms. Studley).

27  DEFENDANT'S MOTION FOR SUMMARY JUDGMENT OR, IN THE
ALTERNATIVE, PARTIAL SUMMARY ADJUDICATION
(Case No. 2:15-cv-01150 RSL) – 7
DWT 29681314v2 0022235-000054

1    entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient

2    showing on an essential element of a claim in the case on which the nonmoving party has the

3    burden of proof.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d

4    265 (1986).  There is no genuine issue of fact for trial where the record, taken as a whole, could

5    not lead a rational trier of fact to find for the nonmoving party.  *Matsushita Elec. Indus. Co. v.*

6    *Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986) (nonmoving

7    party must present specific, significant probative evidence, not simply "some metaphysical

8    doubt").  See also Fed. R. Civ. P. 56(e). Conversely, a genuine dispute over a material fact

9    exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or

10   jury to resolve the differing versions of the truth.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S.

11   242, 253, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec.*

12   *Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

13        Here, Boeing is entitled to judgment as a matter of law because Ms. Studley fails to

14   make a sufficient showing on multiple elements of her claims in which she has the burden of

15   proof.

16        **B.      Ms. Studley's Claim For Disability Discrimination Fails Because She**
             **Cannot Demonstrate That Boeing Terminated, Or Otherwise Disciplined,**
17           **Her Because Of Her Alleged Disability**

18        Boeing terminated Ms. Studley because she had too many active CAMS on file in

19   violation of Boeing policy.  She does not have any evidence that Boeing's decision to issue any

20   of these CAMs to her, or to ultimately terminate her, was "because of" her alleged disability.

21        In order to establish a prima facie case of disability discrimination, a plaintiff must

22   demonstrate that she (1) is disabled (as defined by law); (2) is qualified, with or without

23   reasonable accommodation, to perform the essential functions of her job; and (3) suffered an

24   adverse action by an employer *because of her disability*.

25        Although Ms. Studley disputes the basis upon which she received each of her CAMs,

26   she does not have any evidence that Boeing issued any of the CAMs *because of* her disability.

27

DEFENDANT'S MOTION FOR SUMMARY JUDGMENT OR, IN THE
ALTERNATIVE, PARTIAL SUMMARY ADJUDICATION
(Case No. 2:15-cv-01150 RSL) – 8
DWT 29681314v2 0022235-000054

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

In the seven month period between June 2013 and January 2014, Ms. Studley received five CAMs, including a MACA CAM for having too many active corrective actions. The only evidence Ms. Studley has linking her first three CAMs—for not reporting her time accurately, for being out of her work area, and for failing to follow safety guidelines—to her disability is timing. Ms. Studley, however, received the first of the CAMs that lead to her termination in June 2012—a full year after she had been returned to work with no restrictions and almost a year and a half after she suffered the injury. "…[T]iming alone will not show causation in all cases; rather, 'in order to support an inference of retaliatory motive, the termination must have occurred 'fairly soon after the employee's protected expression.'" *Salazar v. Locke*, 2012 U.S. Dist. LEXIS 32841, *28-29 (E.D. Cal. Mar. 12, 2012); quoting *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1065 (9th Cir. 2002) (quoting *Paluck v. Gooding Rubber Co.*, 221 F.3d 1003, 1009-10 (7th Cir. 2000)) (holding that an 18-month period between engagement in protected activity and an adverse action was too long, by itself, to support an inference of retaliatory causation); *Swan v. Bank of Am.*, 360 Fed. Appx. 903, 906 (9th Cir. 2009) ("BOA terminated Swan four months after her return from leave, which is too remote in time to support a finding of causation premised solely on temporal proximity."); *Lee v. Potter*, 358 Fed. Appx. 966, 968 (9th Cir. 2009) ("Nearly eighteen months elapsed between Plaintiff's signing a petition protesting certain management policies and the denial of her first request for reassignment. That length of time is not 'very close' and, therefore, does not demonstrate causation."); *Manatt v. Bank of Am.*, 339 F.3d 792, 802 (9th Cir. 2003) (inference of causation "is not possible in this case because approximately nine months lapsed between the date of Manatt's complaint and the Bank's alleged adverse decisions"); see also *Clark Cty. Sch. Dist. v. Breeden*, 532 U.S. 268, 273, 121 S. Ct. 1508, 149 L. Ed. 2d 509 (2001) (without other circumstantial evidence temporal proximity must be "very close" to establish causation); *Filipovic v. K & R Express Sys., Inc.*, 176 F.3d 390, 398-99 (7th Cir. 1999) (four months too

DEFENDANT'S MOTION FOR SUMMARY JUDGMENT OR, IN THE
ALTERNATIVE, PARTIAL SUMMARY ADJUDICATION
(Case No. 2:15-cv-01150 RSL) – 9
DWT 29681314v2 0022235-000054

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

long); *Adusumilli v. City of Chicago*, 164 F.3d 353, 363 (7th Cir. 1998) (eight months too long).

Boeing issued Ms. Studley's her final CAM—for failing to call the DMR when she was absent on August 16, 2016—because she violated a generally applicable work rule.  Employers do not violate the ADA when they enforce generally applicable rules, such as attendance reporting requirements.  To the extent that Ms. Studley contends her disability caused her absences, she admits that Boeing did not issue her a CAM for the absence itself, only for her failure to follow the proper reporting channels.

Moreover, while Ms. Studley alleges that Boeing sought to terminate her because of her back injury, she concedes that Boeing fully accommodated her symptoms from four other workers compensation claims.

Therefore, Ms. Studley cannot establish a prima facie case for disability discrimination.

## C.   Boeing Terminated Ms. Studley For A Legitimate, Non-Discriminatory Reason And There Is No Evidence That Reason Is A Pretext For Discrimination

Where, as here, a plaintiff has no direct evidence of discrimination, a Court applies the burden shifting analysis articulated by the Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S. Ct. 1817 (1973).  Under this framework, a plaintiff must first make out a prima facie case of discrimination.  If the plaintiff is able to make this showing, the burden shifts to the defendant to articulate a legitimate, nondiscriminatory reason for its actions.  The employer's burden to demonstrate a legitimate, non-discriminatory reason is "exceedingly light."  *EEOC v. C.R. Eng., Inc.*, 644 F.3d 1028, 1043 (10th Cir. 2011) ("*C.R. Eng., Inc.*").  After the defendant proffers such a reason, the burden then shifts back to the plaintiff to show that the defendant's stated reasons are merely "pretextual."  In determining whether an employer's proffered reason was pretextual, the Court examines the facts as they appear to the person making the decision.  *Id.*  The plaintiff's subjective evaluation of the situation is not considered.  *Id.*

DEFENDANT'S MOTION FOR SUMMARY JUDGMENT OR, IN THE
ALTERNATIVE, PARTIAL SUMMARY ADJUDICATION
(Case No. 2:15-cv-01150 RSL) – 10
DWT 29681314v2 0022235-000054

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

1    Even assuming that Ms. Studley could make out a prima facie case of discrimination—

2    and she cannot—Boeing had a legitimate, nondiscriminatory reason for its decision to

3    terminate her employment.  In less than one year, Ms. Studley received five unrelated

4    corrective actions, including a MACA for having too many active corrective actions on file.

5    Ms. Studley does not dispute that pursuant to Boeing's policy, this is a legitimate reason for

6    terminating her.  *Kirst v. Grays Harbor Cmty. Hosp.*, 2015 U.S. Dist. LEXIS 9355, *10 (W.D.

7    Wash. Jan. 27, 2015) (holding that multiple policy violations was "a legitimate reason to

8    terminate an employee"); *Bacon v. T-Mobile USA, Inc.*, 2010 U.S. Dist. LEXIS 86250, *23

9    (W.D. Wash. Aug. 23, 2010) (decision to terminate Plaintiff based on his violation of the Loss

10   Prevention Policy is a non-discriminatory reason); *Green v. Seattle Art Museum*, 2008 U.S.

11   Dist. LEXIS 41189, *11, 2008 WL 2180144 (W.D. Wash. May 22, 2008) (holding that

12   multiple violations of known employee rules were a legitimate, nondiscriminatory reason for

13   terminating the employee).

14       Ms. Studley has no evidence that Boeing's reason for terminating her is a pretext for

15   discrimination.  With regard to Ms. Studley's failure to accurately report her time, she does not

16   dispute that her time records were inaccurate.  Instead, she attempts to demonstrate pretext by

17   giving a justification for the inaccuracies—the recording gun was broken.  As noted, Boeing

18   investigated this assertion prior to issuing the CAM and determined that the recording gun was

19   functioning.  However, even assuming that Ms. Studley is correct, this assertion does not

20   demonstrate pretext.  *Hague v. Thompson Distrib. Co.*, 436 F.3d 816, 824 (7th Cir. 2006)

21   (shifting the blame for a problem does not establish pretext).  "An employer's exercise of

22   erroneous or even illogical business judgment does not constitute pretext."  *C.R. Eng., Inc.*, 644

23   F.3d at 1044.  Courts "only require that an employer honestly believed its reason for its actions,

24   even if its reason is foolish or trivial or even baseless."  *Kirst*, 2015 U.S. Dist. LEXIS 9355,

25   *11; citing *Villiarimo*, 281 F.3d at 1063 (9th Cir. 2002) (internal quotations omitted); *Metzler v.

26   Fed. Home Loan Bank of Topeka*, 464 F.3d 1164, 1178-79 (9th Cir. 2006) (an assertion that an

27

DEFENDANT'S MOTION FOR SUMMARY JUDGMENT OR, IN THE
ALTERNATIVE, PARTIAL SUMMARY ADJUDICATION
(Case No. 2:15-cv-01150 RSL) – 11
DWT 29681314v2 0022235-000054

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

1   employer's time estimates were unreasonable and thus a basis for a retaliatory motive for later

2   termination may have shown a mistake but did not raise a genuine issue of material fact where

3   undisputed evidence in the record revealed that the estimates had been reviewed for

4   reasonableness and approved by others).  Where, as here, the employee's assertion has been

5   investigated prior to the issuance of disciplinary action, underscoring the employer's honest

6   belief in the employee's misconduct, there is no genuine issue of material fact to preclude

7   summary judgment.  Boeing had a good faith belief that Ms. Studley engaged in time card

8   abuse by attempting to be paid for hours that were not accurately reflected on her time card.

9        With regard to Ms. Studley being out of her work area without notifying management,

10  the evidence demonstrates that Boeing held a good faith belief that Ms. Studley engaged in the

11  misconduct.  Boeing thoroughly investigated Ms. Studley's conduct and interviewed multiple

12  employees.  Although Ms. Studley now claims three years later that those employees may have

13  been lying because they wanted to harm her, Ms. Studley does not have any evidence that these

14  employees were motivated by her disability and concedes that many of them disliked her for

15  reasons unrelated to her disability.  *McDermott v. Blank*, 2014 U.S. Dist. LEXIS 1088, *11

16  (W.D. Wash. Jan. 2, 2014) (Plaintiff's argument that Defendant was lying was not evidence of

17  pretext).  These vague allegations of personal animosity are not sufficient to survive summary

18  judgment.  Ms. Studley "must do more than establish a prima facie case and deny the

19  credibility of the [defendant's] witnesses." *Wallis v. J.R. Simplot Co.*, 26 F.3d 885, 890 (9th Cir.

20  1994); quoting *Schuler v. Chronicle Broad. Co.*, 793 F.2d 1010, 1011 (9th Cir. 1986). In

21  response to the defendant's offer of nondiscriminatory reasons, the plaintiff must produce

22  "specific, substantial evidence of pretext." *Id.*; quoting *Steckl v. Motorola, Inc.*, 703 F.2d 392,

23  393 (9th Cir. 1983).

24       With regard to Ms. Studley's failure to follow safety guidelines, Ms. Studley does not

25  dispute that she violated the policy.  She further concedes that the safety focal who

26  reprimanded her for violating the safety guidelines was not aware of her disability.

27

DEFENDANT'S MOTION FOR SUMMARY JUDGMENT OR, IN THE
ALTERNATIVE, PARTIAL SUMMARY ADJUDICATION
(Case No. 2:15-cv-01150 RSL) – 12
DWT 29681314v2 0022235-000054

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

Ms. Studley further concedes that she did not call the disability management hotline on August 16 to report her absence for work for a work-related absence.  That conduct led to Ms. Studley's final corrective action and Ms. Studley admits that if Boeing's policy was for her to call the DMR hotline for a work-related absence, she violated that policy.  Plaintiff's feigned ignorance of this policy is not enough to establish pretext.  *Dahlstrom v. Dep't of Corr.*, 1995 U.S. Dist. LEXIS 13806, *10, 1995 WL 562050 (N.D. Ill. Sept. 20, 1995) ("Simply because plaintiff was unaware of the policy as she alleges, does not show that defendants applied this policy to hide discriminatory action against Ms. Dahlstrom.").  Boeing has a reasonable justification for its requirement that employees call the DMR when they are off work due to a work related injury.  The purpose of Boeing's reporting policy is to ensure that DMRs are able to accurately track the number of days off of work that employees miss due an occupational injury.  Ms. Studley does not dispute that this is reasonable policy.  Studley 45:6-22.  Boeing's reasoning demonstrates that its decision was not a pretext for discrimination.  *C.R. Eng., Inc.*, 644 F.3d at 1045 ("However, we discern no basis for concluding that an otherwise reasonable justification by an employer should be deemed pretextual merely because it is not directly reinforced by an official rule or policy.").

Indeed the only evidence of pretext Ms. Studley has tying any of her corrective actions to her alleged disability is the timing of the events; the corrective actions came after she suffered the workplace injury and therefore, in Ms. Studley's mind must be related.  Timing alone is not evidence of pretext, especially when there is such a lengthy delay between the protected activity and adverse action, which is the case here.  *Hernandez v. Arizona*, 702 F. Supp.2d 1119, 1130-31 (D. Ariz. 2010) (timing alone not enough for substantial and specific evidence of pretext); *Neumeyer v. Wawanesa Gen. Ins. Co.*, 2015 U.S. Dist. LEXIS 59024, *41 (S.D. Cal. Apr. 24, 2015) ("The time line in this case — the temporal proximity between the termination of Neumeyer's employment and the investigation — cannot by itself establish pretext.").

DEFENDANT'S MOTION FOR SUMMARY JUDGMENT OR, IN THE
ALTERNATIVE, PARTIAL SUMMARY ADJUDICATION
(Case No. 2:15-cv-01150 RSL) – 13
DWT 29681314v2 0022235-000054

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

**D.      Ms. Studley's Failure To Accommodate Claim Fails Because She Was Released To Return To Work With No Restrictions**

To establish that Boeing failed to accommodate her, Ms. Studley must prove that (1) she is disabled; (2) she is a qualified individual able to perform the essential functions of the job with reasonable accommodation; and (3) she suffered an adverse employment action because of her disability. *Allen v. Pac. Bell*, 348 F.3d 1113, 1114 (9th Cir. 2003); citing *Nunes v. Wal-Mart Stores, Inc.*, 164 F.3d 1243, 1246 (9th Cir. 1999).  Although a "qualified individual" is an individual who "with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires," 42 U.S.C. § 12111(8), only those individuals with "physical or mental limitations" who are "otherwise qualified" for the job at issue are entitled to reasonable accommodations.  42 U.S.C. § 12112(b)(5)(A); *Hooper v. Proctor Health Care, Inc.*, 804 F.3d 846, 852 (7th Cir. 2015).  A plaintiff cannot state a failure to accommodate claim if "she was able to perform all essential functions of her job without regarding to her physical or mental limitations." *Hooper*, 804 F.3d at 852; quoting *Brumfield v. City of Chicago*, 735 F.3d 619, 632 (7th Cir. 2013).  Thus, "an employer's accommodation duty is triggered only in situations where an individual who is qualified on paper requires an accommodation to be able to perform the essential functions of the job." *Id.*

Here, Ms. Studley cannot show that she is a qualified individual able to perform the essential functions of the job with reasonable accommodation because Ms. Studley's physician, Dr. McDonald, lifted all restrictions associated with her back injury and released her to return fully to work on May 3, 2012.  Studley Dep., 193:3-195:24, Pl. Dep. Exs. 16 and 17 (Cariño Decl. ¶¶ 5-6, Exs. D and E).  Although Ms. Studley complains that she still had trouble working overhead, those complaints cannot form the basis of a failure to accommodate claim because Dr. McDonald specifically found that Ms. Studley was qualified for her position without accommodations.[6]  Ms. Studley's failure to accommodate claim fails on the merits.

---

[6] Boeing does not allow employees to designate their own restrictions.  Ormonde Dep., 17:15-18:3 (Cariño Decl. ¶ 15, Ex. N).

DEFENDANT'S MOTION FOR SUMMARY JUDGMENT OR, IN THE
ALTERNATIVE, PARTIAL SUMMARY ADJUDICATION
(Case No. 2:15-cv-01150 RSL) – 14
DWT 29681314v2 0022235-000054

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

*Hooper*, 804 F.3d at 852 (employee was not a qualified individual able to perform the essential functions of the job with reasonable accommodation where doctor released him to return to work without accommodation); *Ferguson v. Wal-Mart Stores, Inc.*, 114 F. Supp. 2d 1057, 1069 (E.D. Wash. 2000) (duty to provide reasonable accommodation is not triggered until employee presents release with medical restrictions; where "release contained no restrictions, Wal-Mart did not need to provide or to discuss providing reasonable accommodations to Ms. Ferguson upon her return."); *Mineweaser v. City of N. Tonawanda*, 2016 U.S. Dist. LEXIS 37262, *24, n.9 (W.D.N.Y. Mar. 21, 2016) (independent examination, which found plaintiff able to work "without restrictions" cannot form a basis of plaintiff's reasonable accommodation claim).

Ms. Studley also fails to show that she suffered an adverse employment action because of her alleged disability.  All of the evidence shows that Ms. Studley was terminated because she received five unrelated corrective actions, including a MACA for having too many active corrective actions on file, in a one-year period.  While Boeing knew that Ms. Studley had injured her back and Ms. Studley now claims that Boeing knew she had a residual difficulty working overhead despite having been fully released to return to work by her doctor, there is no evidence that correlates this allegation with the reason for her termination.  *Kirst*, 2015 U.S. Dist. LEXIS 9355, *13.  Boeing is entitled to summary judgment on Ms. Studley's failure to accommodate claim.

### E.   Ms. Studley's Retaliation Claim Fails Because She Cannot Prove That She Was Terminated Because She Requested A Reasonable Accommodation

Ms. Studley cannot establish a prima facie case of discriminatory retaliation unless she shows that: (1) she engaged in an activity protected under the relevant statutes; (2) Boeing subjected her to an adverse employment action; (3) there is a causal link between the protected activity and the Boeing's action.  As detailed in Section III.B above, Ms. Studley does not have any evidence of a causal link between her alleged requests for accommodation and Boeing's

DEFENDANT'S MOTION FOR SUMMARY JUDGMENT OR, IN THE
ALTERNATIVE, PARTIAL SUMMARY ADJUDICATION
(Case No. 2:15-cv-01150 RSL) – 15
DWT 29681314v2 0022235-000054

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

decision to discipline and ultimately terminate her.  Ms. Studley's only evidence of causation is timing.  Causation can be inferred from timing alone only if the proximity is "very close[,]" *Clark Cty. Sch. Dist. v. Breeden*, 532 U.S. 268, 273-74, 121 S. Ct. 1508 (2001), such that the "adverse employment action *follows on the heels of protected activity*."  *Villiarimo v. Aloha Island Air*, 281 F.3d 1054, 1065 (9th Cir. 2002).  While there is no bright line rule as to the amount of time required to show temporal proximity, *see Coszalter v. City of Salem*, 320 F.3d 968, 977-78 (9th Cir. 2003), the Ninth Circuit has held that a time lapse of nearly six months between the protected activity and the adverse employment action, on its own, ***is insufficient to show causation***, and it examined case law in which lapses of 4 or 5 months were deemed insufficient.  *Villiarimo*, 281 F.3d at 1065; *citing*, *e.g.*, *Filipovic v. K & R Express Sys., Inc.*, 176 F.3d 390, 398-99 (7th Cir. 1999) (4 months too long); *Conner v. Schnuck Mkts., Inc.*, 121 F.3d 1390, 1395 (10th Cir. 1997) (same); *Vollmar v. Int'l Bus. Machs. Corp.*, No. C-11-0629 MMC, 2012 U.S. Dist. LEXIS 122254, 2012 WL 3731512, at *8 (N.D. Cal. Aug. 28, 2012) (5 months too long for retaliation under FEHA); cf. *Brown v. Potter*, 457 F. App'x 668, 673 (9th Cir. Nov. 3, 2011) (noting that a five-month delay is enough to suggest a causal connection for a prima facie case of retaliation). Here, Ms. Studley suffered her back injury in January 2012, and filed her claim for worker's compensation and requested an accommodation shortly thereafter.  She did not receive the discipline at issue until between June 26, 2013 and January 13, 2014—a full 17 months after her alleged protected activity.  This gap in time defeats any inference of causation.

Plaintiff's retaliation claim also fails because, as discussed above, Boeing has established a good faith, non-retaliatory reason for Ms. Studley's discipline.  As detailed in Section III.C., Boeing terminated Ms. Studley when, in less than one year, she received five unrelated corrective actions, including a MACA for having too many active corrective actions on file.  There is no evidence of disparate treatment.  Ms. Studley has no evidence that any of

DEFENDANT'S MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, PARTIAL SUMMARY ADJUDICATION
(Case No. 2:15-cv-01150 RSL) – 16
DWT 29681314v2 0022235-000054

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

1   the corrective actions, or the termination decision, were a pretext for retaliating against her

2   because of any protected activity related to her disability.

3                                    **IV.    CONCLUSION**

4          Ms. Studley was discharged for multiple instances of misconduct that began seventeen

5   months after the work-related injury that is the sole evidentiary "link" to her allegations of

6   disparate treatment and misconduct.  While Ms. Studley disagrees that the various disciplinary

7   actions were supported by just cause, it is undisputed that each infraction was fully investigated

8   and addressed in complete accordance with Boeing's policies and procedures and that none

9   were grieved.  There simply is not a scintilla of evidence to support the claims here.

10  Accordingly, Boeing respectfully requests that summary judgment be granted and that all

11  claims be dismissed with prejudice.

12         DATED this 14th day of June, 2016.

13                                        Davis Wright Tremaine LLP
                                          Attorneys for Defendant,
14                                        The Boeing Company

15

16                                        By *s/ Paula L. Lehmann*
                                             Paula L. Lehmann, WSBA #20678
17                                           777 108th Avenue NE, Suite 2300
                                             Bellevue, WA  98004-5149
18                                           Telephone: (425) 646-6100
                                             Fax: (425) 646-6199
19                                           E-mail: paulalehmann@dwt.com

20

21                                        By *s/ Taylor Ball*
                                             Taylor Ball, WSBA #46927
22                                           1201 Third Avenue, Suite 2200
                                             Seattle, WA  98101-3045
23                                           Telephone: (206) 757-8280
                                             Fax: (206) 757-7700
24                                           E-mail: taylorball@dwt.com

25

26

27

DEFENDANT'S MOTION FOR SUMMARY JUDGMENT OR, IN THE
ALTERNATIVE, PARTIAL SUMMARY ADJUDICATION
(Case No. 2:15-cv-01150 RSL) – 17
DWT 29681314v2 0022235-000054

1

**CERTIFICATE OF SERVICE**

2

I hereby certify that on June 14, 2016, I electronically filed the foregoing with the Clerk of

3

the Court using the CM/ECF system which will send notification of such filing to the following

4

attorneys for plaintiff:

5

6

     Patrick B. Reddy
     Amanda Masters

7

     William Fuld
     Emery Reddy, PLLC

8

     600 Stewart St., Ste. 1100
     Seattle, WA 98101

9

     Telephone: (206) 442-9106
     Facsimile: (206) 441-9711

10

     Email: reddyp@emeryreddy.com

11

     Email: amanda@emeryreddy.com
     Email: william@emeryreddy.com

12

13

                                       *s/ Sasha Forbes*

14

                                       Sasha Forbes
                                       777 108th Avenue NE, Ste 2300

15

                                       Bellevue, WA  98004
                                       Telephone: (425) 646-6100

16

                                       Fax: (425) 646-6199
                                       E-mail: sashaforbes@dwt.com

17

18

19

20

21

22

23

24

25

26

27

DEFENDANT'S MOTION FOR SUMMARY JUDGMENT OR, IN THE
ALTERNATIVE, PARTIAL SUMMARY ADJUDICATION
(Case No. 2:15-cv-01150 RSL) – 18
DWT 29681314v2 0022235-000054

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax